·542 A.2d 1068

Gemini Equipment Co., Petitioner *v.* Commonwealth of Pennsylvania, Respondent.

Argued April 18, 1988, before Judges MACPHAIL and DOYLE, and Senior Judge NARICK, sitting as a panel of three.

*William D. Boswell, Boswell, Tintner & Piccola,* for petitioner.

*Robert P. Coyne,* Deputy Attorney General, with him, *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, June 20, 1988:

Gemini Equipment Company (Petitioner) has appealed an order of the Board of Finance and Revenue denying Petitioner's appeal of a Sales Tax Board of Review (Board) decision to deny Petitioner's claim for a sales tax refund. We affirm.

On October 3, 1974, Petitioner entered into an agreement with Kimbob, Inc. for the lease of certain construction equipment to Kimbob. According to the stipulation of facts entered into by Petitioner and the Respondent, Commonwealth of Pennsylvania, pursuant to Pa. R.A.P. 1571(f), which stipulation we adopt as the facts of the case, Petitioner and Kimbob are affiliated companies with the same mailing address and same credit manager.

Petitioner sent invoices to Kimbob showing the charges for the equipment rental and sales tax applicable thereto. Petitioner then remitted the sales tax to the Department of Revenue.

During the four-month period between November 1975 and February 1976, Kimbob was unable to use the equipment due to inclement weather. Petitioner, consequently, issued a credit to Kimbob, in the amount of $80,215.45, for rental payments made during the time when the leased equipment was not used.

Petitioner then filed a claim for refund of sales tax paid on $78,840.45 of this credit, in the amount of $4,730.43. The Board denied Petitioner's claim, concluding that although Kimbob had not used the equipment for four months, the equipment did remain in Kimbob's possession throughout this period. As previously indicated, the Board of Finance and Revenue de-

nied Petitioner's subsequent appeal and sustained the Board's decision.

The issue before this Court is whether sales tax was properly imposed on the lease of Petitioner's equipment to Kimbob, under Section 202(a) of the Tax Reform Code of 1971 (Code), Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. §7202(a), notwithstanding the credit issued by Petitioner to Kimbob. We agree with the Commonwealth that the lease was a "sale at retail" under the Code and that, therefore, sales tax was appropriately imposed. We note initially that Petitioner, as the party seeking a tax refund, bears the burden of proving his entitlement to such. *Anastasi Brothers Corp. v. Commonwealth*, 9 Pa. Commonwealth Ct. 288, 305 A.2d 738 (1973), *aff'd*, 455 Pa. 127, 315 A.2d 267 (1974). We also recognize that the refund of taxes voluntarily paid is a matter of legislative grace and not a right. *Commonwealth v. Rohm and Haas Co.*, 28 Pa. Commonwealth Ct. 430, 368 A.2d 909 (1977), *aff'd sub nom. Commonwealth v. Westinghouse Electric Corp.*, 478 Pa. 164, 386 A.2d 491 (1978).

Under Section 202(a) of the Code, 72 P.S. §7202(a), sales tax is to be imposed on each separate "sale at retail" of tangible personal property, and is to be collected by the vendor from the purchaser. Section 201(h) of the Code, 72 P.S. §7201(h), defines "purchaser" as "[a]ny person who acquires, for a consideration, the ownership, custody or possession by sale, lease or otherwise, of tangible personal property. . . ." "Sale at retail" is defined, in part, as "[a]ny transfer, for a consideration, of the ownership, custody or possession of tangible personal property. . . ." Section 201(k)(1) of the Code, 72 P.S. §7201(k)(1).

The Board concluded that Kimbob was a purchaser within the Code definition, inasmuch as it retained possession of the leased equipment for the four-month

period, even though it was not used during this time. According to the Board, it was irrelevant that Petitioner refunded rental payments to Kimbob due to the fact that the two companies were affiliated interests. It was further noted that the lease between the two companies made the lessee responsible for the rentals under all circumstances until the lease was terminated according to its terms and the equipment returned. Here, the Board notes, the lease was not terminated.

Petitioner argues that there was no "sale at retail" because there was no consideration for the transfer to Kimbob's possession of the equipment during the four months, as required by Section 201(k)(1). It maintains further that Kimbob was not a "purchaser" within the definition of Section 201(h) inasmuch as its possession of the equipment during the period at issue was not acquired for consideration. We cannot accept Petitioner's arguments.

Although "consideration" is not defined in the Code, our courts have written that the requirement of consideration is nothing more than a requirement that there be a bargained-for exchange. *Estate of Beck,* 489 Pa. 276, 414 A.2d 65 (1980); *Department of Transportation v. First Pennsylvania Bank, N.A.,* 77 Pa. Commonwealth Ct. 551, 466 A.2d 753 (1983). The test for the validity of consideration is whether or not the promisee has suffered any detriment in return for the promise. *Penn Iron Works, Inc. v. Department of Transportation,* 13 Pa. Commonwealth Ct. 532, 320 A.2d 846 (1974).

There appears to be no question that there was adequate consideration for the original lease agreement entered into by Petitioner and Kimbob. Petitioner's claim is that the consideration ceased to exist when it refunded rental payments to Kimbob for the four months in question. We agree with the Board, however, that there was adequate consideration for Kimbob's possession of

the equipment, and that this was sufficient to constitute a "sale at retail" within the meaning of Section 201(k)(1). Petitioner was without possession of its equipment for the four months, even after it had refunded Kimbob's rent. Kimbob, on the other hand, benefitted from the transfer in that it retained possession of the equipment rent-free for the four months. The equipment remained in Kimbob's possession throughout this period of time, and was available for use in the event weather conditions improved.

We conclude that sales tax was properly imposed on Petitioner's lease of equipment to Kimbob during the four-month period between November 1975 and February 1976. Inasmuch as Petitioner has not sustained its burden of establishing its right to a refund for this period, we will affirm the Board's decision.

## ORDER

The order of the Board of Finance and Revenue in the above-captioned proceeding is affirmed.

Unless exceptions are filed within thirty (30) days in accord with the provisions of Pa. R. A. P. 1571(i), judgment shall be entered on praecipe of either party.

Judge DOYLE dissents.