547 A.2d 478

Nan S. Smolow, Individually and on behalf of all other persons similarly situated, Petitioner *v.* Commonwealth of Pennsylvania, Department of Revenue and Barton Fields, Secretary of The Department of Revenue, Respondents.

Argued June 13, 1988, before Judges CRAIG and DOYLE, and Senior Judge NARICK, sitting as a panel of three.

*Ronald Jay Smolow,* with him, *Michael H. Landis,* for petitioner.

*Bryan E. Barbin,* Deputy Attorney General, for respondents.

OPINION BY JUDGE DOYLE, September 8, 1988:

Before us are the preliminary objections of respondents, the Department of Revenue (Department) and Barton Fields, Secretary of the Department,[1] to a class action petition for review filed by Nan S. Smolow (Petitioner) in our original jurisdiction.

_____

[1] For the purposes of this opinion, The Department and Mr. Fields will be treated as one.

On September 10, 1987, Petitioner purchased a 1987 Mercury station wagon from Reedman Mercury (Reedman). The list price of the vehicle was $17,256. Reedman, however, accepted as a trade-in another vehicle owned by Petitioner worth $7,745, thereby reducing the sale price of the vehicle to $9,511.00. At that time, Mercury was offering "manufacturer's rebates" of $1,000 as an inducement to purchase a Mercury automobile. A Mercury purchaser could either accept the rebate in cash at some time subsequent to the date of sale, or, could assign his right to the rebate to the automobile retailer prior to or at the time of sale. The retailer would then use the "rebate" to reduce the price of the car.

At this time, the Department had a policy which calculated the sales tax upon a vehicle sale without subtracting the "manufacturer's rebate" from the price of the vehicle, notwithstanding the form in which the purchaser took the "rebate." Thus, Reedman calculated the sales tax of six percent upon Petitioner's purchase on a sale price of $9,511, for a total tax of $570.66. Had the "manufacturer's rebate" been used to reduce the cost of the vehicle to $8,511, the actual amount of sales tax paid would have been $510.66.[2]

On March 8, 1988, Petitioner filed her class action petition for review in equity on behalf of herself and all others similarly situated. Her petition challenges the constitutionality of the Department's alleged policy of not reducing the price of a vehicle for sales tax purposes by the amount of a "manufacturer's rebate" used at the time of sale by the purchaser to reduce the price of ve-

---

[2] Reedman correctly subtracted the value of the trade-in vehicle from the price of Petitioner's new vehicle for the purpose of computing the amount of sales tax Petitioner was required to pay. *See* Section 201(g)(2) of the Tax Reform Code of 1971 (Code), Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. §7201(g)(2).

hicle. This policy assertedly violates both the equal protection clause of the fourteenth amendment of the United States Constitution and the uniformity clause of the Pennsylvania Constitution, article VIII, section 1. In her six-count petition she seeks both on behalf of herself, and the class she seeks to represent, refunds (counts I and IV), injunctive relief and/or a writ of mandamus restraining the Department from continuing its policy (counts III and VI), and treble damages under the Unfair Trade Practices and Consumer Protection Law (Law)[3] (counts II and V). The Department filed preliminary objections asserting that Petitioner had failed to exhaust her administrative remedies, that she had an adequate remedy at law, and that her suit was barred by sovereign immunity.

It is well settled that preliminary objections in the nature of a demurrer admit all well-pleaded material facts in the pleading as well as all reasonable inferences deducible therefrom and cannot be sustained unless it is clear on the face of the pleading that the law will not permit recovery. *E-Z Parks, Inc. v. Larson,* 91 Pa. Commonwealth Ct. 600, 604 n.4, 498 A.2d 1364, 1367 n.4 (1985), *aff'd per curiam,* 509 Pa. 496, 503 A.2d 931 (1986). However, the pleader's conclusions or averments of law are not considered to be admitted as true by way of demurrer. *Madden v. Jeffes,* 85 Pa. Commonwealth Ct. 414, 482 A.2d 1162 (1984). In ruling on preliminary objections, this Court's decision must be based *solely* on the facts averred in the petition.[4] *Jamieson v. Pennsylva-*

---

[3] Act of December 17, 1968, P.L. 1224, *as amended,* 73 P.S. §§201-1 through 201-9.2.

[4] At oral argument of this case, we were informed by the Department that Petitioner had at some point instituted proceedings before the Department's Board of Appeals for a refund of the overpaid sales tax, and for the certification of a class action for herself and all others similarly situated. It was further related to this Court

*nia Board of Probation and Parole,* 83 Pa. Commonwealth Ct. 546, 478 A.2d 152 (1984).

The relevant statutory provision here is Section 201(g)(1) of the Code, which defines "purchase price" in part as:

> The total value of anything paid or delivered, or promised to be paid or delivered, whether it be money or otherwise, in complete performance of a sale at retail or purchase at retail, as herein defined, without any deduction on account of the cost or value of the property sold, cost or value of transportation, cost or value of labor or service, interest or discount paid after the sale is consummated, and other taxes imposed by the Commonwealth of Pennsylvania or any other expense except there shall be excluded any gratuity or separately stated deposit charge for returnable containers.

72 P.S. §7201(g)(1). Further, 61 Pa. Code §33.2(d)(2) provides:

> (d) *Items excluded from purchase price.* The following items are excluded from the purchase price.
>
> . . . .
>
> (2) *Discounts.* Discounts such as on-the-spot cash discounts, employe discounts, volume discounts and wholesaler's or trade discounts which

---

that the Board of Appeals had ordered that a refund be given to Petitioner, but that it had denied her request for class action. Petitioner's counsel acknowledged that these facts were true. Although some of the Department's arguments in support of its demurrer are based on these facts, we may not consider them since they are *de hors* the record. If these facts are true, however, the Department could move for summary judgment because such facts tend to belie Petitioner's assertion that her administrative remedy is inadequate. *See Aldine Apartments, Inc. v. Department of Revenue,* 32 Pa. Commonwealth Ct. 296, 379 A.2d 333 (1977).

in effect establish a new sales price may be deducted in computing the purchase price.

Petitioner's constitutional theory here is that because the Department failed to recognize that a "manufacturer's rebate" which is assigned to an automobile dealer at the time of sale to reduce the "purchase price" of a motor vehicle is a discount, she ended up paying an effective sales tax rate of 6.7 percent on her purchase, while other persons who bought vehicles worth $8,511 (without the rebate) only paid a sales tax of six percent, *see* Section 202 of the Tax Reform Code of 1971 (Code).[5] Thus, she argues that the tax was nonuniform and violative of article VIII, section 1 of the Pennsylvania Constitution.[6]

In order to confer jurisdiction upon an equity court in a tax matter, a petitioner must show the existence of a *substantial* question of constitutionality (not a mere allegation of it) *and* the absence of an adequate statutory remedy under the circumstances. *Borough of Green Tree v. Board of Property Assessments, Appeals and Review of Allegheny County,* 459 Pa. 268, 328 A.2d 819 (1974) (plurality opinion); *Rochester & Pittsburgh Coal Co. v. Indiana County Board of Assessment and Revision of Taxes,* 438 Pa. 506, 266 A.2d 78 (1970). A petitioner is required to satisfy both prongs of this test because the mere presence of a constitutional issue does not necessarily render a statutory remedy inadequate. *Myers v. Department of Revenue,* 55 Pa. Commonwealth Ct. 509, 423 A.2d 1101 (1980); *Hudson v. Union County,* 50 Pa. Commonwealth Ct. 378, 413 A.2d 1148 (1980). *See also Scott v. Palmerton Area School District,*

---

[5] Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. §7202.

[6] Article VIII, section 1 of the Pennsylvania Constitution states that "[a]ll taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under the general laws."

63 Pa. Commonwealth Ct. 528, 439 A.2d 859 (1981), *aff'd per curiam,* 502 Pa. 431, 466 A.2d 1209 (1983). A statutory remedy is inadequate only if it either (1) does not allow adjudication of the issue raised by the petitioner, or (2) allows irreparable harm to occur to the petitioners during the pursuit of the statutory remedy. *LCN Real Estate, Inc. v. Borough of Wyoming,* 117 Pa. Commonwealth Ct. 260, 270 n.8, 544 A.2d 1053, 1058 n.8 (1988). In *Green Tree,* our Supreme Court indicated that the type of constitutional question sufficient to allow the exercise of a court's equitable jurisdiction is that which goes directly to the validity of the taxing statute involved. *See also Lashe v. Northern York County School District,* 52 Pa. Commonwealth Ct. 541, 417 A.2d 260 (1980); *City of Philadelphia v. Kenny,* 28 Pa. Commonwealth Ct. 531, 369 A.2d 1343 (1977), *cert. denied,* 434 U.S. 923 (1977). Even though a taxing body may apply a taxing statute incorrectly, this is insufficient to invoke the equitable jurisdiction of a court. *Kenny.*

The gravamen of Petitioner's action is that the Department's failure to deduct "rebates" used by an automobile purchaser at the time of sale to reduce the price of a vehicle is contrary to law.[7] *See* paragraph 13 of Petitioner's petition for review. She further argues that because the law was applied improperly, all people who

---

[7] The Department concedes that its failure to deduct "rebates" used by a motor vehicle purchaser at the time of sale to reduce the price of a vehicle when determining the "purchase price" of the vehicle was contrary to law because "rebates" used in such a manner are discounts for the purposes of 61 Pa. Code §33.2(d)(2). "Rebates" given after the time of sale do not, however, get deducted from a vehicle's price in determining the vehicle's "purchase price." *See* Section 201(g)(1) of the Code, 72 P.S. §7201(g)(1); *Gemini Equipment Co. v. Commonwealth,* 117 Pa. Commonwealth Ct. 193, 542 A.2d 1068 (1988).

bought vehicles costing $8,511 were not subject to the same sales tax rate, and thus, the uniformity clause of the Pennsylvania Constitution was violated. Petitioner's constitutional argument, however, does not challenge the facial validity of any statute or regulation, a challenge necessary to divest an administrative tribunal of jurisdiction. *Myers.* Instead, she challenges the constitutionality of the Department's policy *as applied.* This is insufficient to confer jurisdiction upon this Court. *Kenny.* We thus find that Petitioner's constitutional claim is one the Department is not incompetent to adjudicate.

Petitioner asserts that our Supreme Court's decision in *Amidon v. Kane,* 444 Pa. 38, 279 A.2d 53 (1971), allows for constitutional challenges on uniformity grounds to the method of computing a tax. In *Amidon,* our Supreme Court declared the state's personal income tax invalid because, "[a]lthough the Tax Reform Code of 1971 purports to impose a flat 3½% tax upon 'taxable income,' the concept of 'taxable income' already reflects the federal personal exemptions for the taxpayer and his qualified dependents . . . [t]hus, built-in to the Tax Reform Code of 1971 are *exactly the same elements of nonuniformity* as were condemned in both *Kelley [v. Kalodner,* 320 Pa. 180, 181 A. 598 (1935)] and *Saulsbury [v. Bethlehem Steel Co.,* 413 Pa. 316, 196 A.2d 664 (1964)]." *Amidon,* 444 Pa. at 51, 279 A.2d at 60 (emphasis in original). She points to language in *Amidon* where the Court (quoting the *Allentown School District Mercantile Tax Case,* 370 Pa. 161, 170, 87 A.2d 480, 484 (1952)), stated that "where a method or formula of computing a tax will, in its operation or effect, produce arbitrary or unjust or unreasonably discriminatory results, the constitutional provision relating to uniformity is violated." *Amidon,* 444 Pa. at 49, 279 A.2d at 59.

*Amidon* is inapposite, however, because our Supreme Court principally faulted the tax statute itself be-

cause of the scheme whereby taxpayers enjoying the privilege of receiving, earning or otherwise acquiring the same amount of income as others were subjected to varying tax rates depending upon what exemptions to gross income they were entitled to under the federal statutory scheme. *Gosewisch v. Department of Revenue,* 40 Pa. Commonwealth Ct. 565, 397 A.2d 1288 (1979). Here, by contrast, the sales tax rate of six percent upon the "purchase price" of sales at retail is uniform, *see* Section 202 of the Code, 72 P.S. §7202; it is the "purchase price" of the vehicle which was miscalculated. Put differently, the Department overassessed the "purchase price" of Petitioner's vehicle; thus, this is a situation where equity classically lacks jurisdiction because a statutory remedy is available. *Philadelphia Life Insurance Co. v. Commonwealth,* 410 Pa. 571, 190 A.2d 111 (1963). All the other cases cited by Petitioner in support of her action involved either direct constitutional attacks on the facial validity of a taxing statute or the total want of authority on the part of the taxing body either to tax or to levy the tax, situations not present here.[8] Having determined that Petitioner has failed to

---

[8] Petitioner also argues that her statutory remedy is inadequate because there is no provision in the statutory refund procedure for a class action, *see* Sections 252-255 of the Code, 72 P.S. §§7252-7255. Our Supreme Court has ruled, however, that the mere fact that a large number of taxpayers may raise the same refund claim or that there is no statutory provision or agency rule permitting a class action is irrelevant to our inquiry as to whether this case should be heard in equity. *Lilian v. Commonwealth,* 467 Pa. 15, 354 A.2d 250 (1976); *LCN Real Estate, Inc. v. Borough of Wyoming,* 117 Pa. Commonwealth Ct. 260, 544 A.2d 1053 (1988). Petitioner cites our Supreme Court's decision in *McConnell v. Department of Revenue,* 503 Pa. 322, 469 A.2d 574 (1983), for the proposition that her case is maintainable in our *original* jurisdiction as a class action. In *McConnell,* the court held that this Court may, in cases involving *de novo* appeals from the Board of Finance and

exhaust her administrative remedies, we dismiss with prejudice Counts I, III, IV and VI of her petition for review.

Petitioner also avers that the Department's failure to deduct from the vehicle's sales price a "manufacturer's rebate" assigned at the time of sale to the automobile retailer to reduce the price of the vehicle constituted fraudulent conduct under the Unfair Trade Practices and Consumer Protection Law (Law). Petitioner contends that the Department, by telling people the sales tax was six percent upon all purchases, when, in reality, due to the misapplication of the law, the effective tax rate was higher, made false and misleading statements likely to create confusion and misunderstanding in violation of the Law. The Department contends Petitioner's claims based on the Law are barred by sovereign immunity. We agree. The relevant statute is 1 Pa. C. S. §2310, which provides:

> Pursuant to section 11 of Article I of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign and official immunity and remain immune from suit except as the General Assembly shall waive the immunity. When the General Assembly specifically waives sovereign immunity, a claim against the Commonwealth and its officials and employees shall be brought only in such manner and in such courts and in such cases as directed by the pro-

Revenue, *see* Pa. R.A.P. 1571, consider litigant requests for class certification. *McConnell* is inapposite here, however, because *if* this case could be maintainable in this Court's *original* jurisdiction, it could proceed as a class action. *See* Pa. R.A.P. 106; Pa. R.C.P. Nos. 1701-1716.

visions of Title 42 (relating to the judiciary and judicial procedures) unless otherwise authorized by statute.[9]

The above-quoted provision is unambiguous; unless sovereign immunity has been *specifically* waived, the legislature intends that it remain in effect. *Poliskiewicz v. East Stroudsburg University*, 113 Pa. Commonwealth Ct. 13, 536 A.2d 472 (1988). We can find nothing in the Law to indicate that the legislature has *specifically* waived the defense of sovereign immunity in the type of action brought here. Accordingly, we dismiss counts II and V of Petitioner's petition for review with prejudice on the basis of sovereign immunity.

ORDER

NOW, September 8, 1988, the preliminary objections of the Department of Revenue and Barton Fields are hereby sustained and Petitioner's petition for review is hereby dismissed with prejudice.

---

[9] The legislature enacted 1 Pa. C. S. §2310 in reaction to our Supreme Court's decision in *Mayle v. Pennsylvania Department of Highways*, 479 Pa. 384, 388 A.2d 709 (1978) where the court held that while article I, section 11 of the Pennsylvania Constitution did not make the doctrine of sovereign immunity constitutional, the legislature could declare sovereign immunity to be constitutional.