613 A.2d 129

### SMITH AND McMASTER, P.C.

v.

### NEWTOWN BOROUGH.

**Appeal of James M. McMASTER, Esquire, Appellant.**

Commonwealth Court of Pennsylvania.

Argued June 16, 1992.

July 21, 1992.

James M. McMaster, pro se.

Stephen L. Needles, for appellee.

Before PALLADINO, and McGINLEY, JJ., and BARRY, Senior Judge.

PALLADINO, Judge.

James M. McMaster (McMaster) appeals an order of the Court of Common Pleas of Bucks County (trial court) sustaining preliminary objections of Newtown Borough (Borough) and dismissing the complaint of Smith and McMaster, P.C. (Smith). We reverse.

Smith is a law firm located within Newtown Borough. Smith's class action complaint filed with the trial court on August 6, 1991, alleged that on November 21, 1990, the Borough enacted an ordinance establishing an annual business privilege tax of $100 taxing Smith and other businesses located within Newtown Borough. The complaint further alleged that such a tax is illegal and in violation of section 533 of the Local Tax Reform Act, Act of December 13, 1988, P.L. 1121, 72 P.S. § 4750.533.[1] For relief, Smith sought a declaration that the tax is void and without effect, an injunction to prevent

---

1. That section states:

    (a) **General Rule.**—After November 30, 1988, and notwithstanding any other provision of this act except for subsection (b), no political subdivision may levy, assess or collect or provide for the levying, assessment or collection of a mercantile or business privilege tax on gross receipts or part thereof.

    Subsection (b), in essence, preserves such taxes which existed on or before November 30, 1988.

the Borough from collecting the tax and enforcing the ordinance, refunds to those who have paid the tax, an accounting, and attorney's fees and costs.

The Borough filed preliminary objections, the first of which asserted that the trial court lacked subject matter jurisdiction because neither Smith nor any member of the class filed an appeal from the enactment of the tax within the time period specified in section 6 of The Local Tax Enabling Act, Act of December 31, 1965, P.L. 1257, *as amended,* 53 P.S. § 6906.[2] The two other preliminary objections were a motion to strike the complaint because, though the complaint sought equitable relief, it was not filed as an equity action, and a demurrer with respect to the count requesting counsel fees.

The trial court addressed the Borough's first preliminary objection raising the question of subject matter jurisdiction as a statute of limitations issue. It held that the thirty-day time frame referenced in section 6 of The Local Tax Enabling Act constituted a statute of limitations of "another statute" as specified in subsection 5501(a) of the Judicial Code, 42 Pa.C.S. § 5501(a).[3] The complaint having been filed more than thirty

2. That section states:

> Appeals by Taxpayers
> No tax levied for the first time by any political subdivision to which this act applies shall go into effect until thirty days from the time of the adoption of the ordinance or resolution levying the tax. Within said thirty days, taxpayers representing twenty-five percent or more of the total valuation of real estate in the political subdivision as assessed for taxation purposes, or taxpayers of the political subdivision not less than twenty-five in number aggrieved by the ordinance or resolution shall have the right to appeal therefrom to the court of quarter sessions of the county upon giving bond with sufficient security in the amount of five hundred dollars ($500)....
>
> ....
> It shall be the duty of the court to declare the ordinance and the tax imposed thereby to be valid unless it concludes that the ordinance is unlawful or findings that the tax imposed is excessive or unreasonable....

3. That subsection states:

> **(a) General Rule.**—An action, proceeding or appeal must be commenced within the time specified in or pursuant to this chapter unless in the case of an action or proceeding a different time is provided by this title *or another statute....*

days after the time specified in section 6, the trial court entered an order sustaining the preliminary objections and dismissing the complaint.

■ McMaster appeals.[4] The issue presented is whether, in a declaratory judgment action challenging the validity of a local tax, the failure to file a tax appeal within the time specified in section 6 deprives a common pleas court of subject matter jurisdiction, or whether section 6 operates as a statute of limitations.[5]

We addressed the subject matter jurisdiction issue in *Home Oldsmobile Co. v. Township of Pine*, 65 Pa.Commonwealth 423, 443 A.2d 413 (1982). Therein four automobile dealerships filed an action for declaratory judgment seeking declarations that a township's Mercantile License Tax and Business Privilege Tax were invalid. The township argued that the dealers' failure to pursue the appeal procedure set forth in section 6 deprived the common pleas court of subject matter jurisdiction. We rejected that argument, holding that under section 7541 of the Declaratory Judgments Act, 42 Pa.C.S. § 7541, the availability of a special remedy (i.e., that provided by section 6) did not preclude declaratory relief.

The Borough presents no argument that the holding of *Home Oldsmobile* with respect to subject matter jurisdiction should be overruled or can here be distinguished. The Borough instead argues, citing cases such as *Smolow v. Department of Revenue*, 119 Pa.Commonwealth Ct. 324, 547 A.2d 478

The trial court found subsection 5501(a) applicable because it controls limitations in actions brought under the Declaratory Judgments Act. *See* 42 Pa.C.S. § 7538(a).

4. Our scope of review where a trial court sustains a preliminary objection and dismisses a complaint is limited to determining whether the trial court committed an error of law or abused its discretion. *Miller v. Kistler*, 135 Pa.Commonwealth Ct. 647, 582 A.2d 416 (1990).

5. Strictly speaking, there is a disparity in this case between the preliminary objection advanced (relating to subject matter jurisdiction) and the rationale of the trial court (relating to the statute of limitations). The two are different issues. *See Home Oldsmobile Co. v. Township of Pine*, 65 Pa.Commonwealth Ct. 423, 443 A.2d 413 (1982) (discussing each separately). However, in the interest of judicial economy, we will resolve each of them.

(1988), *aff'd,* 521 Pa. 534, 557 A.2d 1063 (1989), that the jurisdiction of a court of equity in a tax matter is limited to cases where a substantial constitutional question exists and where there is no adequate statutory remedy. In *Smolow* Judge Doyle clearly articulated the principle that equity classically lacks jurisdiction where a statutory remedy is available. However, while Smith's complaint includes a count for equitable relief, it is a declaratory judgment action seeking adjudication of the legal issue of the validity of the ordinance. The trial court was thus not sitting in equity, and *Smolow* is inapplicable. We therefore conclude, as we did in *Home Oldsmobile,* that the trial court had subject matter jurisdiction in this case.

With respect to the statute of limitations issue, we again turn to *Home Oldsmobile.* Therein, we noted but did not resolve the issue of whether the appeal period in section 6 constitutes a non-waivable statute of limitations that also governs the time for bringing an action under the Declaratory Judgments Act, 42 Pa.C.S. §§ 7531–7541. In that case, though the township adopted tax ordinances on April 4, 1979 and the taxpayers did not file a complaint for declaratory judgment until October 1, 1979, we affirmed on the merits. That we reached the merits in *Home Oldsmobile* is indicative of our hesitancy to forever shut the courthouse door a mere thirty days after adoption of a tax ordinance. Indeed, we are particularly reluctant to treat section 6 as a thirty-day statute of limitations because such a decision would bar even future taxpayers, such as future borough businesses which had no notice of or interest in the imposition of the tax during the time a section 6 appeal could have been taken, from ever challenging the validity of the tax.

*Glendon Civic Association v. Borough of Glendon,* 132 Pa.Commonwealth Ct. 307, 572 A.2d 852, *petition for allowance of appeal denied,* 525 Pa. 660, 582 A.2d 326 (1990), relied upon by the trial court and the Borough, is not to the contrary. Therein, we affirmed a trial court's dismissal of an action for declaratory judgment by holding that a declaratory judgment action filed after the expiration of the thirty days

referenced in section 914.1 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* added by section 95 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10914.1,[6] was untimely. However, section 914.1, which is headed "Time Limitations," explicitly recites a thirty-day statute of limitations.

By contrast, though section 6 of the statute at issue in this case provides an appeal procedure which must be undertaken within thirty days, no part of section 6 can be read to explicitly establish a statute of limitations in a manner akin to that of section 914.1. Section 6 itself, for example, is entitled merely, "Appeals by Taxpayers." *See* section 1924 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1924 (permitting use of headings in aid of construction of sections of a statute). Had the legislature intended section 6 to operate as a statute of limitations, it would have said so, at a minimum, in a manner akin to its declaration in section 914.1.

We conclude that section 6 does not constitute a statute of limitations for purposes of a declaratory judgment action which seeks to invalidate a local tax. Accordingly, we reverse and remand to the trial court for further proceedings.

ORDER

AND NOW, July 21, 1992, the order of the Court of Common Pleas of Bucks County in the above-captioned matter is reversed, and the case remanded to that court for further proceedings consistent with this opinion. Jurisdiction relinquished.

**6.** That subsection states:

Time Limitations

(a) No person shall be allowed to file any proceeding with the board later than 30 days after an application for development, preliminary or final, has been approved by an appropriate municipal officer, agency or body if such proceeding is designed to secure reversal or to limit the approval in any manner. . . .

(b) All appeals from determinations adverse to the landowners shall be filed by the landowner within 30 days after notice of the determination is issued.