IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Germantown Cab Company, :
                Petitioner :
                :
      v. : No. 586 M.D. 2014
                : Argued: October 5, 2015
Philadelphia Parking Authority, :
                Respondent :

BEFORE: HONORABLE BERNARD L. McGINLEY, Judge
              HONORABLE MARY HANNAH LEAVITT, Judge
              HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE LEAVITT                    FILED: December 14, 2015

Germantown Cab Company has filed a petition for review in this Court's original jurisdiction seeking declaratory and injunctive relief. Germantown Cab challenges the assessment imposed upon it by the Philadelphia Parking Authority as excessive and invalid. It also challenges the statute under which the assessment was developed as unconstitutional, both facially and as applied to Germantown Cab. Germantown Cab has moved for summary relief, and the Parking Authority has moved to dismiss the petition for review. For the reasons that follow, we sustain the Parking Authority's preliminary objections and dismiss Germantown Cab's petition for review.

**Background**

Prior to 2004, the Pennsylvania Public Utility Commission was solely responsible for the regulation of taxicab operations in Pennsylvania. In 2004, the General Assembly transferred the responsibility for regulating taxicabs operating

in Philadelphia to the Parking Authority. *See* Act of July 16, 2004, P.L. 758, No. 94 (Act 94). The Parking Authority's regulatory regime is set forth in Chapter 57 of the Parking Authority Law, 53 Pa. C.S. §§5701-5745. Funding for the Parking Authority is derived from fees, fines and annual assessments paid by the taxicab, limousine and dispatch companies regulated by the Parking Authority.[1]

Former Section 5707(b) of the Parking Authority Law established the process for setting the Parking Authority's annual budget and fee schedule. In *MCT Transportation Inc. v. Philadelphia Parking Authority*, 60 A.3d 899 (Pa. Cmwlth.), *affirmed per curiam*, 81 A.3d 813 (Pa. 2013), this Court ruled that former Section 5707(b) was facially unconstitutional because it lacked standards for guiding the Parking Authority's exercise of discretion in either undertaking. We also held that the statute violated due process because it did not give taxicab companies a hearing to challenge the fee schedule, either before or after the fee schedule became effective.

Following this Court's *MCT Transportation* decision, the General Assembly established a new process for setting the Parking Authority's budget and assessments. Act of July 9, 2013, P.L. 455, No. 64 (Act 64). Act 64 substantially amended Sections 5707 and 5708 and added Sections 5707.1 and 5710 of the Parking Authority Law. Germantown Cab challenges the constitutionality of these 2013 amendments and their arbitrary implementation by the Parking Authority.

---

[1] The method for determining the yearly assessment is discussed *infra*.

Section 5707(a)(1) of the Parking Authority Law[2] requires the Parking Authority to submit a proposed budget to the General Assembly for its annual appropriation, which comes from two special funds: the Regulatory Fund, which is the primary operating fund, and the Medallion Fund.[3] Section 5707(a)(2)

---

[2] Section 5707(a)(1) states:

> (a) Budget submission.—
>
> > (1) *The authority shall prepare and, through the Governor, submit annually to the General Assembly a proposed budget* consistent with Article VI of the act of April 9, 1929 (P.L. 177, No. 175), known as The Administrative Code of 1929, consisting of the *amounts necessary to be appropriated by the General Assembly* out of the funds established under section 5708 (relating to funds) *necessary for the administration and enforcement of this chapter* for the fiscal year beginning July 1 of the following year. The authority shall be afforded an opportunity to appear before the Governor and the Appropriations Committee of the Senate and the Appropriations Committee of the House of Representatives regarding its proposed budget. Except as provided in section 5710 (relating to fees), *the authority's proposed budget shall include a proposed fee schedule*.

53 Pa. C.S. §5707(a)(1)(emphasis added).

[3] Section 5708 states as follows:

> (a) Regulatory Fund.— The Philadelphia Taxicab and Limousine Regulatory Fund is established as a special fund in the State Treasury. A balance remaining in the regulatory fund and previously held by the authority shall be transferred to the special fund in the State Treasury upon the effective date of section 5710 (relating to fees). The regulatory fund shall be the primary operating fund of the authority for the administration and enforcement of this chapter and shall be administered as follows:
>
> > (1) Except as provided in subsection (a.1), the assessments, fees, penalties and other revenues, interest earned by the regulatory fund, refunds and repayments related to the administration and enforcement of this chapter shall be deposited into the regulatory fund.

**(Footnote continued on the next page . . .)**

instructs the Parking Authority to estimate the "amount of its expenditures necessary to meet its obligation to administer and enforce [Chapter 57]." 53 Pa. C.S. §5707(a)(2).[4]  That estimate is the starting point for establishing the total

---

**(continued . . .)**

> (2)   Money deposited in the regulatory fund is reserved for the use of the authority and shall be transferred in equal amounts each month by the State Treasurer to the authority for the purposes of administering and enforcing this chapter.
>
> (3)   Upon the effective date of this paragraph, the money in the regulatory fund shall be held and maintained as provided in paragraph (2).
>
> (a.1) Medallion Fund.—The Philadelphia Taxicab Medallion Fund is established as a special fund in the State Treasury.
>
> > (1)   The consideration, revenue, fees, interest earned by the medallion fund, refunds, repayments and other deposits related to the sale of medallions as provided in section 5717(b) (relating to additional certificates and medallions), shall be deposited into the medallion fund.
> >
> > (2)   Money deposited in the medallion fund is reserved for the use of the authority and shall be transferred in equal amounts each month by the State Treasurer to the authority solely for the purposes of administering and enforcing taxicab regulation under this chapter.

53 Pa. C.S. §5708.

[4] Section 5707(a)(2) states:

> (2)   The authority's proposed budget shall include an *estimate of the amount of its expenditures necessary to meet its obligation to administer and enforce this chapter*.  The authority shall subtract from the expenditure estimate:
>
> > (i)   The estimated fees to be collected under section 5710 during the fiscal year.
> >
> > (ii)   Money deposited into the regulatory fund as payment for assessments, fees or penalties and any other moneys collected pursuant to this chapter but not allocated during a prior fiscal year. Unallocated assessment revenue from a prior fiscal year shall be applied to reduce the portion of the total assessment applicable to the utility group from which the unallocated assessment originated.

**(Footnote continued on the next page . . .)**

annual assessment.  From that estimate, the following amounts are deducted:  fees expected to be collected during the upcoming fiscal year; amounts in the Regulatory Fund not spent in the prior fiscal year; and amounts to be withdrawn from the Medallion Fund.  The remainder constitutes the "total assessment," which is "allocated to and paid by" the three utility groups that are regulated by the Parking Authority, namely, the taxicab utility group, the limousine utility group and the dispatcher utility group.  53 Pa. C.S. §5707(a)(3).[5]

Relevant to this case is the taxicab utility group, which is comprised of medallion taxicabs with citywide service rights and partial rights taxicabs, which provide service in a limited area in the City.  Assessments for the taxicab utility group are imposed per vehicle.  *See* Section 5707(c)(1) of the Parking Authority Law.[6]  Each owner of a taxicab files annually "a statement under oath

---

**(continued . . .)**

> (iii)  Money budgeted for disbursement from the medallion fund, if any, as part of the authority's estimated budget.

53 Pa. C.S. §5707(a)(2) (emphasis added).

[5] Section 5707(a)(3) states:

> (3)  The remainder so determined, herein called the total assessment, shall be allocated to and paid by the utility groups identified in subsection (c) in the manner prescribed.

53 Pa. C.S. §5707(a)(3).

[6] Section 5707(c)(1) states as follows:

> (c)  Assessments.—
>> (1)  The following relate to assessments for taxicabs:
>>> (i)  The taxicab utility group shall be comprised of each taxicab authorized by the authority pursuant to sections 5711(c) (relating to power of authority to issue certificates of public convenience) and 5714(a) and (d)(2) (relating to certificate and medallion required).

**(Footnote continued on the next page . . .)**

estimating the number of taxicabs it will have in service in the next fiscal year." 53 Pa. C.S. §5707(c)(1)(ii). The Parking Authority divides the total assessment amount "by the number of taxicabs estimated by the authority to be in service during the next fiscal year." 53 Pa. C.S. §5707(c)(1)(iii).[7]

---

**(continued . . .)**

(ii) On or before March 31 of each year, each owner of a taxicab authorized by the authority to provide taxicab service on a non-citywide basis shall *file with the authority a statement under oath estimating the number of taxicabs it will have in service* in the next fiscal year.

(iii) The portion of the total assessment allocated to the taxicab utility group shall be divided by the number of taxicabs *estimated by the authority to be in service* during the next fiscal year, and the quotient shall be the taxicab assessment. *The taxicab assessment shall be applied to each taxicab in the taxicab utility group* and shall be paid by the owner of each taxicab on that basis.

(iv) The authority may not make an additional assessment against a vehicle substituted for another already in taxicab service during the fiscal year and already subject to assessment as provided in subparagraph (iii). The authority may, by order or regulation, provide for reduced assessments for taxicabs first entering service after the initiation of the fiscal year.

(v) The taxicab assessment for fiscal years ending June 30, 2013, and June 30, 2014, shall be $1,250.

53 Pa. C.S. §5707(c)(1) (emphasis added).

[7] The Parking Authority requires this "statement under oath" on a Form PR-1. The Form PR-1 states, "Please list the vehicles that you intend to register for the upcoming year." The Form PR-1 requires specific vehicle information, including each vehicle identification number and license plate number.

Section 5707.1 of the Parking Authority Law provides for assessment notice and hearings.[8]  The Parking Authority must serve notice of the assessment to

---

[8] Section 5707.1 states as follows:

    (a)    Notice of assessment and payment.—

        (1)    The authority shall serve notice of the assessment determined pursuant to section 5707 (relating to budget and assessments) to each owner by electronic mail, as provided in 52 Pa. Code § 1001.51(b) (relating to service by the authority).  The authority shall post the assessment for each utility group on its Internet website.

        (2)    Except as provided in paragraph (3), *an assessment must be paid within 30 days of service* as provided in 52 Pa. Code §1001.54(a)(4) (relating to date of service).

        (3)    The authority may provide by regulation for the payment of an assessment in scheduled installments.

    (b)    Assessment hearings.—

        (1)    Within 15 days after service of notice of assessment, *an owner may file a petition with the authority which specifically avers the reason that the assessment is excessive, erroneous, unlawful or otherwise invalid*.  The authority may prescribe filing procedures and the form for the petition.

        (2)    The authority shall fix the time and place for a hearing on a properly filed petition and shall serve notice thereof upon parties in interest.  After the conclusion of the hearing, the authority shall issue a decision and findings in sufficient detail to enable a court to determine, on appeal, the controverted question presented by the proceeding and whether proper weight was given to the evidence.

        (3)    *The filing of a petition under this subsection does not relieve the owner of the obligation to pay the assessment within the specified time frame*.  If a refund due from the authority to the objecting owner or an additional assessment payment due from the objecting owner to the authority is required, the payment must be made within ten days after notice of the findings of the authority.

    (c)    Appeals.— *A suit or proceeding may not be commenced or maintained in a court for the purpose of restraining or delaying the collection or payment of an assessment made under this chapter*.  A person aggrieved by an order of the

**(Footnote continued on the next page . . .)**

each taxicab owner and the "assessment must be paid within 30 days of service." 53 Pa. C.S. §5707.1(a)(2). A taxicab owner may challenge its assessment as "excessive, erroneous, unlawful or otherwise invalid" and obtain a hearing on that challenge. 53 Pa. C.S. §5707.1(b)(1). However, the filing of a challenge petition "does not relieve the owner of the obligation to pay the assessment within the specified time frame." 53 Pa. C.S. §5707.1(b)(3). Further, the Parking Authority Law forbids the institution of a court proceeding "in a court for the purpose of restraining or delaying the collection or payment of an assessment." 53 Pa. C.S. §5707.1(c). The Parking Authority is empowered, *inter alia*, to revoke a taxicab owner's operating privileges if the assessment is not paid. 53 Pa. C.S. §5707(d.1).

Finally, Section 5710 of the Parking Authority Law empowers the Parking Authority to "collect fees necessary for the administration and enforcement of this chapter." 53 Pa. C.S. §5710(a).[9] Fees cover such items as vehicle inspections, for bouncing a check or for the transfer of a certificate of public convenience. The Parking Authority posts the fee schedule on its website.

---

**(continued . . .)**
> authority entered under this section may appeal as provided in section 5705(d) (relating to contested complaints).

53 Pa. C.S. §5707.1 (emphasis added).

[9] Section 5710(a) states as follows:
> (a) Fees authorized.—The authority may collect *fees necessary for the administration and enforcement of this chapter*. Payment of fees may be enforced in the same manner and to the extent provided for the payment of assessments under section 5707 (relating to budget and assessments). Fees collected under this section must be deposited into the regulatory fund. The authority shall post the current fee schedule on its Internet website.

53 Pa. C.S. §5710(a) (emphasis added).

*Id*. Section 5710(b) set the fee schedule for fiscal years ending June 30, 2013, and June 30, 2014, but not thereafter.

**Petition for Review**

Germantown Cab is a partial rights company, authorized to provide taxicab service within a small portion of Philadelphia and in a larger territory outside the City. Petition for Review, ¶1. Each vehicle in Germantown Cab's fleet is authorized to provide service both inside and outside Philadelphia. Petition for Review, ¶85. Germantown Cab has no vehicles specifically designated to operate only within the confines of its Philadelphia service area. Petition for Review, ¶86. Many of its vehicles are used exclusively outside of Philadelphia, but must be available should they be called into service in Philadelphia. Petition for Review, ¶90. Furthermore, Germantown Cab's fleet of taxicabs is "not fixed in number and may fluctuate according to need" at any point during the fiscal year. Petition for Review, ¶49. The Parking Authority Law's per vehicle assessment for vehicles that are "in service" within the Philadelphia territory during the fiscal year is calculated without regard for the amount of service the vehicle actually provides in Philadelphia. Petition for Review, ¶46.

Germantown Cab did not file a statement with the Parking Authority by March 31, 2014, estimating the number of taxicabs it would have in service in the 2015 fiscal year. Petition for Review, ¶77. On August 7, 2014, the Parking Authority served an assessment notice on Germantown Cab requiring payment of $1,457 for each taxicab in Germantown Cab's fleet, which the Parking Authority estimated to be 169 vehicles. Petition for Review, ¶¶69-70. The notice stated that the total assessment amount of $246,233.00 had to be paid by September 8, 2014. Petition for Review, ¶71. Germantown Cab timely filed a petition with the Parking

9

Authority within 15 days of the receipt of this notice to challenge the assessment as "excessive, erroneous, unlawful or otherwise invalid." Petition for Review, ¶96. Germantown Cab did not pay its assessment by September 8, 2014, and the Parking Authority initiated an enforcement action to revoke Germantown Cab's operating rights. Petition for Review, ¶¶107-108.

On November 7, 2014, while the assessment challenge and enforcement proceedings were pending before the hearing officer appointed by the Parking Authority, Germantown Cab filed the instant petition for review challenging the constitutionality of Sections 5707, 5707.1, 5708 and 5710 of the Parking Authority Law, both facially and as applied to Germantown Cab.

Germantown Cab asserts that the Parking Authority lacks authority to impose assessments on its vehicles because Germantown Cab is not part of the "taxicab utility group," having never received a certificate of public convenience from the Parking Authority. Petition for Review, ¶¶199-200. Germantown Cab also asserts that even if it is part of the taxicab utility group, it was arbitrary and unfair to group together partial rights taxicabs and medallion taxicabs and assess them at the same rate when partial rights taxicabs cannot provide service in lucrative transportation areas such as Center City, the International Airport or the 30th Street Train Station. Germantown Cab pays an assessment to the Public Utility Commission, which issued the Charters held by its partial rights taxicabs. Petition for Review, ¶¶171, 173, 176, 205-06. Germantown Cab avers that even though it operates in only a small section of Philadelphia, it must list all vehicles in its fleet for assessment purposes because it is not possible to designate certain of its taxicabs to operate only within the confines of Philadelphia. Further, it must have

10

all vehicles available to provide service in Philadelphia in response to surges in public demand. Petition for Review, ¶¶85-87.

Germantown Cab contends that the statutory procedure in Section 5707.1 for challenging an assessment is not adequate for resolving its above-listed contentions. First, Section 5707.1 requires Germantown Cab to pay the assessment, no matter how high, in order to avail itself of the statutory appeal, which is limited only to a correction of mathematical errors. Second, the Parking Authority will not allow Germantown Cab to inquire into its costs and the methodology for determining the assessment amount. Petition for Review, ¶¶153-163. Third, the statutory appeal cannot address the constitutional problem in the 2013 amendments, *i.e.*, the lack of constraints on the Parking Authority's discretion in formulating its budget and fee schedule, allocating its annual budget between the three utility groups and estimating the number of partial rights taxicabs that will be in service during the upcoming fiscal year. Petition for Review, ¶¶129-142.

The Petition for Review contains six counts seeking declaratory and injunctive relief. Count I seeks a declaration that Sections 5707, 5707.1, 5708 and 5710 are unconstitutional as an unlawful delegation of legislative power; Count II seeks a declaration that Sections 5707, 5707.1, 5708 and 5710 are unconstitutional because they do not afford adequate procedural due process to aggrieved individuals; Count III seeks a declaration that the "taxicab utility group," as defined by 53 Pa. C.S. §5707(c)(1)(i), violates the equal protection clause of the 14th Amendment to the United States Constitution and Article III, Section 32 of the Pennsylvania Constitution; Count IV seeks a declaration that Germantown Cab is not part of the "taxicab utility group" as defined by the plain language of 53 Pa.

11

C.S. §5707(c)(1)(i) and, therefore, not subject to any assessment by the Parking Authority; Count V seeks a declaration that the statute is unconstitutional because it does not afford an adequate remedy at law; and Count VI seeks preliminary and permanent injunctive relief enjoining the Parking Authority from "implementing, administering, or enforcing Section 5707 of the Parking Authorit[y] Law, 53 Pa. C.S. §5707, as well as the provisions of Act 94 in its entirety." Petition for Review, ¶224.

On November 11, 2014, Germantown Cab filed an Application for Summary Relief asserting that it is entitled to judgment because there are no material facts in dispute and the right to relief is clear.[10] The Parking Authority has filed preliminary objections to the petition for review, seeking its dismissal.

### Preliminary Objections of Parking Authority

We begin with the Parking Authority's preliminary objections, because they are dispositive.[11] The Parking Authority argues that this Court lacks subject matter jurisdiction to decide the issues raised in the petition for review because Germantown Cab's statutory appeal, which is ongoing, involves the same subject matter. The Parking Authority asserts that Germantown Cab must pursue

---

[10] Germantown Cab filed the motion for summary relief under Rule 1532(b) of the Pennsylvania Rules of Appellate Procedure, which states:

> (b)  Summary relief.  At any time after the filing of a petition for review in an appellate or original jurisdiction matter the court may on application enter judgment if the right of the applicant thereto is clear.

PA. R.A.P. 1532(b).

[11] Preliminary objections in the nature of a demurrer admit all well-pleaded material facts in the pleading and all reasonable inferences deducible therefrom. *Smolow v. Department of Revenue*, 547 A.2d 478, 480 (Pa. Cmwlth. 1988). The preliminary objections will be sustained if it is clear on the face of the pleading that the law will not permit recovery. *Id.* In ruling on preliminary objections, this Court's decision must be based solely on the facts averred in the petition. *Id.*

its statutory remedy to conclusion and allow the agency to create the evidentiary record. Germantown Cab must then follow the established appeal process in order to have its case decided by this Court. Accordingly, Germantown Cab's petition for review must be dismissed.

Germantown Cab rejoins that nothing in the Parking Authority Law strips this Court of jurisdiction and, what is more, the Parking Authority lacks jurisdiction to declare its own enabling statute unconstitutional. Germantown Cab is not required first to exhaust its administrative remedies where it is challenging the constitutionality of the statute. Notably, the Parking Authority's hearing officer has determined that he lacked jurisdiction to consider Germantown Cab's constitutional claims.

Section 7541 of the Declaratory Judgments Act states that the purpose of that Act is "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and is to be liberally construed and administered." 42 Pa. C.S. §7541(a). Generally, declaratory relief is available even where other procedures are available. 42 Pa. C.S. §7541(b). However, there are exceptions to this general rule. A declaratory judgment is not available in a proceeding "within the exclusive jurisdiction of a tribunal other than a court" or "involving an appeal from an order of a tribunal." 42 Pa. C.S. §7541(c)(2),(3).[12]

---

[12] Section 7541(c) of the Declaratory Judgments Act states:

> (c)    Exceptions.—Relief shall not be available under [the Declaratory Judgments Act] with respect to any:
>> (1)    Action wherein a divorce or annulment of marriage is sought except as provided by 23 Pa.C.S. § 3306 (relating to proceedings to determine marital status).
>> (2)    *Proceeding within the exclusive jurisdiction of a tribunal other than a court.*

**(Footnote continued on the next page . . .)**

13

A tribunal includes a state agency performing a quasi-judicial function. *Myers v. Department of Revenue*, 423 A.2d 1101, 1103 (Pa. Cmwlth. 1980). Where the legislature provides a statutory remedy, that remedy "must be strictly pursued and such remedy is exclusive … unless the jurisdiction of the courts is preserved thereby." *Lashe v. Northern York County School District*, 417 A.2d 260, 263, 264 (Pa. Cmwlth. 1980). "A non-exclusive or permissive statutory remedy is present where the [l]egislature specifically provides that a person may proceed under the statute or may go to the courts." *Id*. at 263. Otherwise a statutory remedy is "mandatory and exclusive." *Id*.

Section 5707.1(b)(1) of the Parking Authority Law provides that a taxicab owner who believes his assessment "is excessive, erroneous, unlawful or otherwise invalid" may obtain relief. 53 Pa. C.S. §5707.1(b)(1). This statutory remedy encompasses a wide variety of potential challenges to the assessment or the assessment procedure, not merely those involving mathematical errors. The Parking Authority must hold a hearing and "issue a decision and findings in sufficient detail to enable" meaningful appellate review. 53 Pa. C.S. §5707.1(b)(2). Further, the legislature has specifically prohibited the commencement of a proceeding in a court "for the purpose of restraining or delaying the collection or payment of an assessment." 53 Pa. C.S. §5707.1(c). The legislature has further specified that a "person aggrieved by an order of the [parking] authority entered under this section may appeal as provided in section 5705(d) (relating to contested complaints)." 53 Pa. C.S. §5707.1(c). Section

---

**(continued . . .)**

      (3)   Proceeding involving an appeal from an order of a tribunal.

42 Pa. C.S. §7541(c) (emphasis added).

14

5705(d) directs that appeals of Parking Authority adjudications are to be taken to the Court of Common Pleas of Philadelphia County. Specifically, it states:

> A person aggrieved by an order of the [parking] authority entered pursuant to this chapter may appeal the order to the Court of Common Pleas of Philadelphia County. All such appeals shall be governed by 2 Pa.C.S. Ch. 7 (relating to judicial review) and Chapter 15 of the Pennsylvania Rules of Appellate Procedure.

53 Pa. C.S. §5705(d).

The procedure established in Section 5707.1 of the Parking Authority Law for reviewing an assessment and recovery of overpayment is exclusive of another procedure. A hearing before the Parking Authority is the necessary starting point for Germantown Cab's assessment challenge and, on appeal, its constitutional challenge. Germantown Cab challenges the amount of its assessment, the validity of the assessment (because it has been treated identically to taxicabs with citywide service rights) and the Parking Authority's estimate of the number of vehicles to be assessed. These are challenges that fall squarely within the statutory appeal of an assessment as "excessive, erroneous, unlawful or otherwise invalid." 53 Pa. C. S. §5707.1(b)(1). *See Department of General Services v. Frank Briscoe Company, Inc.*, 466 A.2d 1336, 1341 (Pa. 1983) (declaratory judgment procedure is not available to decide issues that are "committed for initial resolution to an administrative forum" or "to establish in advance the merits of an appeal from that forum.").

In fact, both Germantown Cab and the Parking Authority agree that Germantown Cab did file an assessment appeal with the Parking Authority, and a hearing has been conducted. The Parking Authority's adjudication can be appealed to the Court of Common Pleas of Philadelphia County. It can then be

appealed to this Court.

The presence of constitutional issues in Germantown Cab's declaratory judgment action does not require a different result. Equity jurisdiction is properly conferred on a court only if there is both "a substantial question of constitutionality and the absence of an adequate statutorily prescribed remedy." *All Purpose Vending, Inc. v. City of Philadelphia*, 561 A.2d 1309, 1311 (Pa. Cmwlth. 1989) (emphasis omitted).

First, it is possible that Germantown Cab could prevail on the merits of its assessment appeal independent of any constitutional issues. It may be that the Parking Authority, or the trial court in a *de novo* appeal, will agree that the taxicab utility group should be divided into two groups: medallion taxicabs and partial rights taxicabs. Should that occur, the constitutional issues would not be decided, because it is well-settled that a court should not decide a constitutional issue "if the case can properly be decided on non-constitutional grounds." *P.J.S. v. Pennsylvania State Ethics Commission*, 723 A.2d 174, 176 (Pa. 1999).

Second, the fact that an administrative agency cannot determine the constitutionality of its own enabling legislation does not require a different result. *Myers*, 423 A.2d at 1104. The Court of Common Pleas of Philadelphia County can address all constitutional challenges, both as applied and facial.[13] The constitutional claim does not authorize Germantown Cab to sidestep the statutory remedy. Should the Court of Common Pleas rule that the statute is unconstitutional, any appeal therefrom proceeds directly to the Pennsylvania

---

[13] *See* 2 Pa. C.S. §703(a) ("A party who proceeded before a Commonwealth agency under the terms of a particular statute shall not be precluded from questioning the validity of the statute in the appeal.").

16

Supreme Court.  *See* Section 722(7) of the Judicial Code.[14]

In short, the statutory remedy precludes Germantown Cab's request for declaratory relief.

### Conclusion

The preliminary objections filed by the Philadelphia Parking Authority are sustained, and the petition for review filed by Germantown Cab in this Court's original jurisdiction is dismissed.  Germantown Cab's application for summary relief is dismissed as moot.

_____
MARY HANNAH LEAVITT, Judge

---

[14] It states:

> The Supreme Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following classes of cases:
>
> * * *
>
> (7)   Matters where the court of common pleas has held invalid as repugnant to the Constitution, treaties or laws of the United States, or to the Constitution of this Commonwealth, any treaty or law of the United States or any provision of the Constitution of, or of any statute of, this Commonwealth, or any provision of any home rule charter.

42 Pa. C.S. §722(7).

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Germantown Cab Company,      :
            Petitioner      :
            :
         v.      :    No. 586 M.D. 2014
            :
Philadelphia Parking Authority,      :
            Respondent      :

# **O R D E R**

AND NOW, this 14th day of December, 2015, the preliminary objections filed by the Philadelphia Parking Authority are hereby SUSTAINED and the petition for review filed by Germantown Cab Company is DISMISSED. The application for summary relief is DISMISSED AS MOOT.

_____
MARY HANNAH LEAVITT, Judge