Abe **COHEN,** Appellant,

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Argued Nov. 3, 1997.

Decided Dec. 5, 1997.

Reargument Denied Feb. 6, 1998.

William G. Cohen, New Castle, for appellant.

Timothy P. Wile, Assistant Counsel In-Charge, and Harold H. Cramer, Assistant Chief Counsel, Harrisburg, for appellee.

Before KELLEY and FLAHERTY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issue before this Court is whether attorney's fees and costs sought pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101–12213, were properly denied by the Court of Common Pleas of Lawrence County (trial court) where the Pennsylvania Department of Transportation, Bureau of Driver Licensing (DOT), recalled the operating privilege of Abe Cohen (Cohen) pursuant to Pennsylvania's Vehicle Code based upon a report it received indicating that Cohen did not meet the vision qualifications required to maintain his operating privilege.

The facts are as follows. By letter dated March 4, 1996, DOT informed Cohen that it was recalling his operating privilege based upon its receipt of medical records indicating that Cohen's medical condition was not compatible with safe driving.[1] The letter further stated that Cohen's operating privilege would be recalled until satisfactory evidence of his competency to operate a motor vehicle was presented to DOT.[2]

Cohen appealed DOT's decision to the trial court, asserting that the foregoing letter issued by DOT violated due process since it did not inform him of the medical condition which allegedly impaired his driving ability. Additionally, in his appeal, Cohen asserted that DOT's decision was invalid under the ADA because he is a qualified individual with a disability and DOT's action against him

---

1. This was done by DOT pursuant to Section 1519(c) of the Vehicle Code, 75 Pa.C.S. § 1519(c), which provides:

    (c) **Recall of operating privilege.**—The department shall recall the operating privilege of any person whose incompetency has been established under the provisions of this chapter. The recall shall be for an indefinite period until satisfactory evidence is presented to the department in accordance with regulations to establish that such person is competent to drive a motor vehicle. Any person aggrieved by recall of the operating privilege may appeal in the manner provided in section 1550 (relating to judicial review).

2. DOT's recall was based upon a report it received from a Dr. Edward G. Redovan indicating Cohen's visual acuity to be 20/70 with corrective lenses. A person with a visual acuity between 20/60 and 20/70 is permitted to drive during daylight hours upon recommendation of a licensed optometrist or physician. 67 Pa.Code § 83.3(b)(2). Because Dr. Redovan's report did not specifically recommended Cohen for daylight driving, DOT issued its recall notice, pending such recommendation.

recalling his driving privilege was discriminatory. Cohen, although he did not file any charges with ADA, sought attorney's fees and costs against DOT pursuant to the ADA.

Prior to a hearing on Cohen's appeal, the trial court, by order dated June 6, 1996, continued the matter based upon Cohen's presentation of a medical report to DOT regarding his medical condition, and based upon DOT's indication that it would review the report and possibly settle the case. On July 2, 1996, at a hearing before the trial court, both parties agreed to a Consent Order of Court directing DOT to restore Cohen's operating privilege, and, if deemed necessary by DOT, to limit Cohen's operating privilege to daylight driving and to operating a motor vehicle with dual mirrors.

At the hearing, Cohen made an oral motion for attorney's fees and costs,[3] claiming, as he did in his appeal, that he was entitled to such pursuant to the ADA.[4] The trial court heard oral argument at the hearing by both Cohen and DOT, and, thereafter, by order dated August 14, 1996, denied Cohen's motion. The trial court issued an opinion in support of its order, wherein the court explained that in its view, DOT's suspension of Cohen's operating privilege did not come within the purview of the ADA, and that, therefore, Cohen was not entitled to the requested attorney's fees and costs.

■ On appeal,[5] Cohen maintains that the trial court erred in concluding that the ADA was inapplicable to DOT's recall of his operating privilege because, he asserts, the court did so, *sua sponte.* Cohen, in the alternative, argues, as he did before the trial court, that the ADA is applicable to this matter, and that he is entitled to attorney's fees thereunder. We disagree.

Initially, regarding Cohen's first assertion that the trial court *sua sponte* determined that the ADA was inapplicable to this matter, we note that at the hearing before the trial court on July 2, 1996, DOT specifically maintained that the ADA did not apply to its suspension of Cohen's operating privilege. (See July 2, 1996 Hearing Transcript, pp. 14–18). Accordingly, Cohen's assertion that the trial court came to its conclusion *sua sponte* is misplaced; DOT clearly raised the issue below. We now turn to Cohen's second argument, namely, that the trial court erred in concluding that the ADA does not apply here.

■ As noted by the trial court in its decision, the following sections of the ADA are at issue. 42 U.S.C. § 12132 of the ADA, entitled "Discrimination," provides:

Subject to the provisions of this title, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12102(2) defines "disability" as:

(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; or

(B) a record of such impairment; or

(C) being regarded as having such an impairment.

42 U.S.C. § 12131(2) defines "qualified individual with a disability" as follows:

The term "qualified individual with a disability" means an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architecture, communication, or transportation barriers, or the provisions of auxiliary aids and services, meets the

---

3. Subsequent to the hearing, Cohen filed a written motion for fees and costs.

4. Section 12205 of the ADA provides the following with regard to attorney's fees:

In any action or administrative proceeding commenced pursuant to this Act, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs...

5. Our scope of review is limited to determining whether the trial court's findings of fact are supported by competent evidence and whether the trial court made an error of law or committed an abuse of discretion in coming to a decision. *Department of Transportation, Bureau of Driver Licensing v. Marpoe,* 157 Pa.Cmwlth. 603, 630 A.2d 561 (1993), *petition for allowance of appeal denied,* 536 Pa. 648, 639 A.2d 34 (1994).

essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.

Here, the trial court found that Cohen failed to demonstrate, as required by the ADA, that he suffered from a "disability" under the ADA. We agree.

■ As noted above, subsection (A) of 42 U.S.C. § 12102(2) defines "disability" as a physical or mental impairment that substantially limits one or more of the major life activities of an individual. Cohen argues that one of his major life activities, namely his ability to see, is impaired, and that DOT's recall of his license based thereon, was discriminatory. However, Cohen, throughout these proceedings, has maintained that although he suffers from visual impairment, he is capable of safe driving. (See Cohen's Petition to Appeal Order of Department of Transportation Recalling Operating Privilege, R.R. 5a, ¶ 4; see also Motion of Petitioner Abe Cohen for Award of Attorney's Fees and Costs, R.R. 11a, ¶ 3). Moreover, in support of this position, he offered medical evidence to DOT reflecting that he is, in fact, capable of safe driving despite his visual impairment. (See Motion of Petitioner Abe Cohen for Award of Attorney's Fees and Costs, R.R. 11a, ¶ 5; see also Verified Statement of Edward G. Redovan, M.D., R.R. 17–18a). For Cohen to now argue that his visual impairment brings him within the definition of "disability" under the ADA is unpersuasive. Accordingly to Cohen's own admissions throughout these proceedings, he does not suffer a physical or mental impairment that substantially limits one or more of his major life activities. Accordingly, he is not "disabled" as defined by 42 U.S.C. § 12102(2)(A).

The trial court also concluded that Cohen does not come within the purview of the ADA, even assuming that he meets the definition of "disability" found at 42 U.S.C. § 12102(2)(C).[6] The trial court so concluded, based upon its determination that Cohen still failed to meet the requirements of 42 U.S.C.

§ 12131 defining "qualified individual with a disability." We agree.

Even assuming Cohen suffered a "disability" due to his visual impairment, with or without reasonable modifications to DOT's regulations, he would not meet the essential eligibility requirements thereunder in order to maintain his license as required by the definition found at 42 U.S.C. § 12131(2) of the ADA. DOT's initial perception of Cohen as having a disability was based on the medical report it received from Dr. Redovan, which did not recommend that Cohen be permitted to drive given his visual impairment. Consequently, Cohen, according to this report, did not meet the essential requirements of DOT regulation 67 Pa.Code § 83.3(b)(2). Therefore, DOT's recall of Cohen's operating privilege on this basis did not violate the discrimination provision of the ADA, 42 U.S.C. § 12132, since Cohen was not a "qualified individual with a disability" thereunder.

Based upon the foregoing, we conclude that the trial court correctly found that the ADA was inapplicable, and that therefore, Cohen was not entitled to attorney's fees and costs. The trial court's decision was supported by substantial evidence, and, the court neither erred as a matter of law, nor abused its discretion in rendering its decision. Accordingly, we affirm its order.

*ORDER*

AND NOW, this 5th day of December, 1997, the order of the Court of Common Pleas of Lawrence County dated August 14, 1996 is affirmed.

---

**6.** The trial court noted that one might conclude

that DOT regarded Cohen as having a disability.