# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kingdom Vapor and Smoke 4          :
Less, LLC,                         :
                       Petitioners      :
                                        :
                 v.       :  No. 697 M.D. 2016
                                        :  Argued: April 11, 2018
Pennsylvania Department of Revenue, :
                       Respondent       :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE ROBERT SIMPSON, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE ELLEN CEISLER, Judge

**OPINION NOT REPORTED**

MEMORANDUM OPINION BY
JUDGE COHN JUBELIRER                **FILED: June 22, 2018**

Before this Court is the Application of Kingdom Vapor and Smoke 4 Less, LLC (Petitioners) for Summary Relief[1] (Application) on their Amended Petition for Review (Amended Petition), filed in this Court's original jurisdiction, seeking a declaratory judgment. Petitioners assert that the Pennsylvania Department of

---

[1] The Application included a request for special relief in the form of preliminary injunctive relief, which, after an evidentiary hearing, this Court granted in part and denied in part by an Opinion and Order dated January 31, 2018. *Kingdom Vapor & Smoke 4 Less, LLC, v. Pa. Dep't of Revenue* (Pa. Cmwlth., No. 697 M.D. 2016, filed Jan. 31, 2018) (Cohn Jubelirer, J., single judge op.) (*Kingdom Vapor I*).

Revenue's (DOR) interpretation of the Tobacco Products Tax Act[2] (TPTA) to tax separately packaged component parts of the "electronic cigarette" (e-cigarette) device that DOR considers "integral" to the device, is unsupported by the TPTA's plain language. In the alternative, Petitioners assert that DOR's interpretation violates the Uniformity Clause of the Pennsylvania Constitution. DOR counters that Petitioners have prematurely invoked this Court's jurisdiction and should have first exhausted their available administrative remedies by presenting their claims to the Board of Finance and Revenue (Board). DOR contends that Petitioners may not bypass the Board because they have not raised a substantial constitutional challenge to the TPTA and the Board's review is an available and adequate remedy. We concluded in *East Coast Vapor, LLC v. Pennsylvania Department of Revenue*, __ A.3d __, __ (Pa. Cmwlth., No. 515 M.D. 2017, filed June 22, 2018) (en banc) (*East Coast Vapor II*), slip op. at 25, that the "integral" component parts of an e-cigarette are not taxable under the TPTA. Based on *East Coast Vapor II*, we must reach the same result here. Therefore, we will grant the Application in part and declare that the separately packaged component parts of an e-cigarette that DOR considers "integral" to the e-cigarette are not taxable under the TPTA.

## I.     Factual and Procedural Background[3]

Kingdom Vapor is a vapor product wholesaler, while Smoke 4 Less is a vaping retail shop. Under the TPTA, wholesalers and retailers, such as Petitioners,

---

[2] Act of March 4, 1971, P.L. 6, added by Section 18 of the Act of July 13, 2016, P.L. 526, 72 P.S. §§ 8201-A–8234-A.

[3] We briefly set forth the relevant provisions of the TPTA, and the factual and procedural background of this matter. A more detailed background discussion can be found in *Kingdom Vapor I* and *East Coast Vapor II*.

are subject to a 40 percent tax on "tobacco products."[4]  Section 1202-A(a.1) of the

TPTA, 72 P.S. § 8202-A(a.1).[5]  "Tobacco products" include "electronic cigarettes,"[6]

Section 1201-A of the TPTA, 72 P.S. § 8201-A, which are defined as follows:

---

[4] If the wholesaler does not collect the tax from the retailer, the same tax is imposed on the retailer, which the retailer must then remit to DOR.  Section 1202-A(b) of the TPTA, 72 P.S. § 8202-A(b).  The TPTA also imposes a one-time Floor Tax on the retailer, requiring it to pay the 40 percent tax on any "tobacco products" in its possession as of October 1, 2016.  Section 1203-A of the TPTA, 72 P.S. § 8203-A.  Smoke 4 Less has paid the Floor Tax.  *Kingdom Vapor I*, slip op. at 13 n.13.

[5] Section 1202-A(a.1) provides,

> **(a.1) Imposition of tax on electronic cigarettes.--**A tobacco products tax is imposed on the dealer or manufacturer at the time the electronic cigarette is first sold to a retailer in this Commonwealth at the rate of 40% on the purchase price charged to the retailer for the purchase of electronic cigarettes.  The tax shall be collected for the retailer by whomever sells the electronic cigarette to the retailer and remitted to the department.  Any person required to collect this tax shall separately state the amount of tax on an invoice or other sales document.

72 P.S. § 8202-A(a.1).

[6] Section 1201-A of the TPTA defines "tobacco products" as follows:

> (1) **Electronic cigarettes**.
>
> (2) Roll-your-own tobacco.
>
> (3) Periques, granulated, plug cut, crimp cut, ready rubbed and other smoking tobacco, snuff, dry snuff, snuff flour, cavendish, plug and twist tobacco, fine-cut and other chewing tobaccos, shorts, refuse scraps, clippings, cuttings and sweepings of tobacco and other kinds and forms of tobacco, prepared in such manner as to be suitable for chewing or ingesting or for smoking in a pipe or otherwise, or any combination of chewing, ingesting or smoking.
>
> (4) The term does not include:
>
> > (i)  Any item subject to the tax under section 1206.
> >
> > (ii) Cigars.

(1) **An** electronic oral **device**, such as one composed of a heating element and battery or electronic circuit, or both, **which provides a vapor** of nicotine or any other substance and the use or inhalation of which simulates smoking.

(2) The term includes:

(i) **A device** as described in paragraph (1), notwithstanding whether the device is manufactured, distributed, marketed or sold as an e-cigarette, e-cigar and e-pipe or under any other product, name or description.

(ii) **A liquid** or substance placed in or sold for use in an electronic cigarette.

*Id.* (emphasis added).

DOR has interpreted the TPTA to include as taxable the "integral"[7] component parts of an e-cigarette, which DOR defines as those parts that can only be used in an e-cigarette, such as replacement coils, regulated mods, and tanks.[8] (Hr'g Tr., Jan. 10, 2018, at 141-43); *Kingdom Vapor v. Pa. Dep't of Revenue* (Pa.

_____

72 P.S. § 8201-A (emphasis added).

[7] Previously, DOR had used a more expansive definition of component parts.

[8] The parties have stipulated to the definitions of various vaping products, including replacement coils, regulated mods, and tanks, which are as follows:

**Replacement Coils**: These are made from resistance wire and are used in a tank.

**Regulated Mod**: A power supply for an attached tank or atomizer. The device has a digital display allowing the user to adjust various settings. Without a tank/atomizer this cannot be used as an e-cigarette.

**Tanks**: A part that holds a certain volume of e-liquid and contains a coil/heating element. Used in the PA Medical Marijuana industry and are tax exempt when used for that purpose.

*Kingdom Vapor I*, slip op. at 6-7 n.8.

Cmwlth., No. 697 M.D. 2016, filed Jan. 31, 2018) (Cohn Jubelirer, J., single judge op.), slip op. at 17 (*Kingdom Vapor I*).

As a result of DOR's interpretation, Petitioners filed the Amended Petition in this Court's original jurisdiction and then the Application, claiming entitlement to summary relief on their claim for a judgment declaring that "integral" component parts of an e-cigarette are not taxable under the TPTA and that DOR's interpretation of the TPTA is unconstitutional. Petitioners' arguments, as relevant here, are as follows. Noting that a taxing statute must be strictly construed, Petitioners argue that DOR has rewritten the TPTA by taxing separately packaged component parts of an e-cigarette that DOR considers "integral." Petitioners point out that the TPTA does not contain the words "integral" or "components" and argue that the definition of "electronic cigarette" is limited to the "entire e-cigarette device" and the liquid or substance placed in the e-cigarette, not its individual component parts. (Petitioners' Brief (Br.) at 21, 23.) The General Assembly, Petitioners argue, could have easily defined an e-cigarette to include "integral" component parts if the General Assembly had wanted those items taxed when packaged separately, but it did not do so. Petitioners assert that DOR has, therefore, rewritten the TPTA, which it may not do. While DOR attempts to justify its interpretation on the basis that an e-cigarette could be sold disassembled in order to evade the tax, that issue is for the General Assembly to resolve, Petitioners argue. Moreover, Petitioners contend, DOR's interpretation of the TPTA violates the Uniformity Clause of the Pennsylvania Constitution.[9] Although DOR has acknowledged that it cannot tax items sold by vaping companies

---

[9] The Uniformity Clause of the Pennsylvania Constitution provides: "All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws." Pa. Const. art. VIII, § 1.

5

without taxing those same items when sold by non-vaping companies, DOR's use of the word "integral" is less than a model of clarity and is arbitrary.

DOR contends that its interpretation of the TPTA's definition of "electronic cigarettes" to include their separately packaged "integral" component parts is correct because otherwise vaping companies would simply disassemble the e-cigarette device, sell its parts separately, and have the purchaser reassemble the e-cigarette so as to evade the tax. The General Assembly, DOR argues, did not intend such an absurd result. Moreover, there is no Uniformity Clause violation. The General Assembly has made clear, through its passage of Section 2 of the Tobacco Settlement Agreement Act,[10] 35 P.S. § 5672, of the dangers and costs associated with tobacco use. Because vaping companies sell "tobacco products," the General Assembly is justified in treating vaping companies as members of a distinguishable class, which classification is reasonable given the health problems and financial costs associated with tobacco use.

In addition, DOR argues that the Amended Petition should be dismissed because Petitioners have not exhausted their administrative remedies. DOR notes that Petitioners claim that they are aggrieved by the unlawful collection of taxes, which, DOR argues, Petitioners may contest by petitioning the Board pursuant to Section 503(e) of the Fiscal Code, 72 P.S. § 503(e).[11] DOR claims "a cursory review" of the Amended Petition shows that Petitioners have not raised a substantial constitutional challenge, so they may not bypass the administrative review process. (DOR's Br. at 7.) Instead, Petitioners merely allege unconstitutionality and

_____

[10] Act of June 22, 2000, P.L. 394, *as amended*, 35 P.S. § 5672.

[11] Act of April 9, 1929, P.L. 343, *as amended*, 72 P.S. § 503(e). Section 503(e) of the Fiscal Code provides for a right of appeal to this Court by a party "aggrieved by the decision of the Board . . . on a petition for refund." *Id.*

6

challenge DOR's interpretation of the TPTA. Petitioners have not suffered any harm, DOR argues, because Petitioners are still in business and, in fact, earning a profit. DOR further argues that "'all that [Petitioners are] complaining about is money[,]'" that is, the amount of tax Petitioners are required to pay based on what items are covered by the TPTA, which, if Petitioners' interpretation of the TPTA is correct, can be refunded to them through the administrative process. (*Id.* at 9 (quoting *Sands Bethworks Gaming, LLC v. Pa. Dep't of Revenue*, 958 A.2d 125, 131 (Pa. Cmwlth. 2008)).)

In response, Petitioners argue that they are not required to exhaust their administrative remedies by going before the Board. Petitioners assert that this is so because they have brought a declaratory judgment action challenging the validity of the TPTA. Where, as here, there is a facial constitutional challenge to a statute, the administrative agency is not competent to rule on the merits and, thus, the agency cannot provide complete and adequate relief. In addition, review before the Board with different entities involved in vaping having to seek a refund would result in piecemeal litigation, which, again, suggests that review before the Board is inadequate. Also, Petitioners argue, the Board would not be able to adjudicate Petitioners' federal claims, which are currently stayed.[12] Further, as in *Bayada Nurses, Inc. v. Department of Labor and Industry*, 8 A.3d 866 (Pa. 2010), and *Arsenal Coal Company v. Department of Environmental Resources*, 477 A.2d 1333

---

[12] On March 9, 2017, DOR removed this proceeding to the United States District Court for the Middle District of Pennsylvania. DOR then moved to dismiss the Amended Petition for failure to state a claim. Petitioners, by motion, asked the federal court to abstain and remand the proceeding to this Court. In a memorandum and order dated July 18, 2017, the District Court granted Petitioners' motion to abstain from ruling on their state claims. *Kingdom Vapor v. Pa. Dep't of Revenue* (M.D. Pa., No. 1:17-CV-0439, filed July 18, 2017), slip op. at 20-21. The District Court, however, retained jurisdiction over Petitioners' federal constitutional claims and stayed the matter until this Court adjudicates Petitioners' state claims. *Id*. at 21 n.7.

7

(Pa. 1984), Petitioners here, were they to proceed through administrative review, would have to suffer through ongoing uncertainty and expend substantial sums of money, all while Petitioners' day-to-day business would be adversely impacted, both immediately and directly, because of DOR's evolving interpretation of the TPTA in this new statutory scheme.

## II.    Discussion

Ordinarily, we would deny the Application because Petitioners have not exhausted their administrative remedies. As DOR correctly contends, Petitioners have not brought a facial constitutional challenge to the TPTA. Rather, Petitioners' challenges are to DOR's construction of the TPTA and its alleged unconstitutional application of the TPTA to Petitioners. Such challenges are insufficient to permit a party to bypass the administrative review process. *Keystone ReLeaf LLC v. Pa. Dep't of Health*, __ A.3d __, __ (Pa. Cmwlth., No. 399 M.D. 2017, filed Apr. 20, 2018), slip op. at 15; *Smolow v. Dep't of Revenue*, 547 A.2d 478, 481 (Pa. Cmwlth. 1988), *aff'd per curiam*, 557 A.2d 1063 (Pa. 1989). Further, Petitioners have not shown that they meet the *Arsenal Coal* exception to the exhaustion doctrine. *Bayada*, 8 A.3d at 875; *Arsenal Coal*, 477 A.2d at 1339-40.

However, we have already adjudicated the merits of Petitioners' challenge to DOR's construction of the TPTA in *East Coast Vapor II*. In *East Coast Vapor II*, the petitioner raised a substantial question as to the constitutionality of the TPTA. *East Coast Vapor II*, __ A.3d at __, slip op. at 11. We therefore also addressed the issue raised here, holding in *East Coast Vapor II,* that the TPTA's definition of "electronic cigarettes" does not include the separately packaged component parts of an e-cigarette that DOR considers "integral" to the e-cigarette device. *Id.* at __, slip

8

op. at 23-25. We reasoned that "[a]n electronic oral device" "refers to a singular, integrated device that contains **both** a heating element and a power source, which, working together, provides a vapor." *Id.* at __, slip op. at 24 (emphasis in original). The definition of "[a]n electronic oral device," we noted, "does not include the term 'integral' or 'component parts.'" *Id.* Therefore, we concluded, "'integral' component parts of an e-cigarette do not fit within the definition of 'electronic cigarette.'" *Id.* We were not persuaded by DOR's argument that interpreting the TPTA in this fashion would lead to absurd results. Highlighting "rational reasons" the General Assembly might have had for choosing "to tax only the 'electronic oral device' and not its component parts," we concluded that "a plain language interpretation of the TPTA does not lead to absurd results merely because some vaping companies may attempt to evade the tax." *Id.*

Our en banc decision in *East Coast Vapor II* is binding precedent. *Feudale v. Aqua Pa., Inc.*, 122 A.3d 462, 468 n.8 (Pa. Cmwlth. 2015). It would serve no useful purpose to dismiss the Amended Petition for Petitioners to exhaust their administrative remedies when the issue has been decided. Therefore, we will grant the Application in part and declare "that DOR's interpretation of the TPTA to include as taxable separately packaged component parts of an e-cigarette that DOR considers 'integral' is unsupported by the plain language of the TPTA." *East Coast Vapor II*, __ A.3d at __, slip op. at 25.[13]

---

[13] In light of our determination, we need not address the remaining arguments for summary relief on the bases that DOR's interpretation of the TPTA violates the Uniformity Clause of the Pennsylvania Constitution, Pa. Const. art. VIII, § 1, or the separation of powers doctrine. *See Johnson v. Dep't of Transp., Bureau of Driver Licensing*, 805 A.2d 644, 648 n.5 (Pa. Cmwlth. 2002) (stating that "when a case raises both constitutional and non-constitutional issues, the court should not reach the constitutional issues if the case may properly be decided on non-constitutional grounds").

_____

**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kingdom Vapor and Smoke 4      :
Less, LLC,      :
             Petitioners      :
     :
         v.      :    No. 697 M.D. 2016
     :
Pennsylvania Department of Revenue,      :
         Respondent      :

## O R D E R

**NOW**, June 22, 2018, the Application of Kingdom Vapor and Smoke 4 Less, LLC (Petitioners), for Summary Relief on their Amended Petition for Review is **GRANTED** to the extent they request declaratory relief regarding the interpretation of the Pennsylvania Department of Revenue (DOR) to include as taxable under the Tobacco Products Tax Act (TPTA), Act of March 4, 1971, P.L. 6, added by Section 18 of the Act of July 13, 2016, P.L. 526, 72 P.S. §§ 8201-A–8234-A, the separately packaged component parts of an electronic cigarette (e-cigarette) that DOR considers "integral" to the e-cigarette. The Court hereby **DECLARES** that such "integral" component parts of an e-cigarette are not taxable under the TPTA. Petitioners' Application is otherwise **DENIED**.

_____
**RENÉE COHN JUBELIRER,** Judge