# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

East Coast Vapor, LLC,           :
                    Petitioner   :
                                 :
          v.                     :     No. 48 M.D. 2017
                                 :     Argued: April 11, 2018
Pennsylvania Department of Revenue,  :
Eileen H. McNulty, Secretary of  :
Revenue in her official and individual  :
capacity,                        :
                    Respondents  :


BEFORE:     HONORABLE MARY HANNAH LEAVITT, President Judge
            HONORABLE RENÉE COHN JUBELIRER, Judge
            HONORABLE ROBERT SIMPSON, Judge
            HONORABLE PATRICIA A. McCULLOUGH, Judge
            HONORABLE MICHAEL H. WOJCIK, Judge
            HONORABLE CHRISTINE FIZZANO CANNON, Judge
            HONORABLE ELLEN CEISLER, Judge


**OPINION NOT REPORTED**

MEMORANDUM OPINION BY
JUDGE COHN JUBELIRER                    FILED: June 22, 2018

       Before this Court is the Application of East Coast Vapor, LLC (Petitioner) for

Summary Relief[1] (Application) on its Petition for Review (Petition), filed in this

Court's original jurisdiction, seeking a declaratory judgment. Petitioner asserts that

the Pennsylvania Department of Revenue's (DOR) interpretation of the Tobacco

---

[1] The Application included a request for special relief in the form of preliminary injunctive relief, which, after an evidentiary hearing, this Court granted in part and denied in part by an Opinion and Order dated January 31, 2018. *East Coast Vapor, LLC v. Pa. Dep't of Revenue* (Pa. Cmwlth., Nos. 48 M.D. 2017, 515 M.D. 2017, filed Jan. 31, 2018) (Cohn Jubelirer, J., single judge op.) (*East Coast Vapor I*).

Products Tax Act[2] (TPTA) to tax separately packaged component parts of the "electronic cigarette" (e-cigarette) device that DOR considers "integral" to the device is unsupported by the TPTA's plain language. In the alternative, Petitioner asserts that DOR's interpretation violates the Uniformity Clause of the Pennsylvania Constitution. DOR counters that Petitioner has prematurely invoked this Court's jurisdiction and should have first exhausted its available administrative remedies by presenting its claims to the Board of Finance and Revenue (Board). DOR contends that Petitioner may not bypass the Board because it has not raised a substantial constitutional challenge to the TPTA and the Board's review is an available and adequate remedy. We concluded in *East Coast Vapor, LLC v. Pennsylvania Department of Revenue*, __ A.3d __, __ (Pa. Cmwlth., No. 515 M.D. 2017, filed June 22, 2018) (en banc) (*East Coast Vapor II*), slip op. at 25, that the "integral" component parts of an e-cigarette are not taxable under the TPTA. Based on *East Coast Vapor II*, we must reach the same result here. Therefore, we will grant the Application in part and declare that the separately packaged component parts of an e-cigarette that DOR considers "integral" to the e-cigarette are not taxable under the TPTA.

## I.      Factual and Procedural Background[3]

Petitioner, as relevant here, is a retailer of vaping products. Under the TPTA, a retailer is subject to a 40 percent tax on "tobacco products," which include

---

[2] Act of March 4, 1971, P.L. 6, added by Section 18 of the Act of July 13, 2016, P.L. 526, 72 P.S. §§ 8201-A–8234-A.

[3] We briefly set forth the relevant provisions of the TPTA and the factual and procedural background of this matter. A more detailed background discussion can be found in *East Coast Vapor I* and *II*.

"electronic cigarettes." Sections 1201-A, 1202-A of the TPTA, 72 P.S. §§ 8201-A, 8202-A.[4] The TPTA defines "electronic cigarettes" as follows:

> (1) **An** electronic oral **device**, such as one composed of a heating element and battery or electronic circuit, or both, **which provides a vapor** of nicotine or any other substance and the use or inhalation of which simulates smoking.
>
> (2) The term includes:
>
> (i) **A device** as described in paragraph (1), notwithstanding whether the device is manufactured, distributed, marketed or sold as an e-cigarette, e-cigar and e-pipe or under any other product, name or description.
>
> (ii) **A liquid** or substance placed in or sold for use in an electronic cigarette.

---

[4] Section 1201-A of the TPTA defines "tobacco products" as follows:

(1) **Electronic cigarettes**.

(2) Roll-your-own tobacco.

(3) Periques, granulated, plug cut, crimp cut, ready rubbed and other smoking tobacco, snuff, dry snuff, snuff flour, cavendish, plug and twist tobacco, fine-cut and other chewing tobaccos, shorts, refuse scraps, clippings, cuttings and sweepings of tobacco and other kinds and forms of tobacco, prepared in such manner as to be suitable for chewing or ingesting or for smoking in a pipe or otherwise, or any combination of chewing, ingesting or smoking.

(4) The term does not include:

(i) Any item subject to the tax under section 1206.

(ii) Cigars.

72 P.S. § 8201-A (emphasis added).

72 P.S. § 8201-A (emphasis added). The TPTA requires the wholesaler to collect the 40 percent tax at the time "the electronic cigarette is first sold to a retailer in this Commonwealth." Section 1202-A(a.1) of the TPTA, 72 P.S. § 8202-A(a.1).[5] If the wholesaler does not collect the tax from the retailer, the same tax is imposed on the retailer, which the retailer must then remit to DOR. 72 P.S. § 8202-A(b). The TPTA also imposes a one-time Floor Tax on the retailer, requiring it to pay the 40 percent tax on any "tobacco products" in its possession as of October 1, 2016. Section 1203-A of the TPTA, 72 P.S. § 8203-A.

DOR has interpreted the TPTA to include as taxable under the definition of "electronic cigarettes" the "integral"[6] component parts of an e-cigarette, which DOR defines as those parts that can only be used in an e-cigarette, such as replacement coils, regulated mods, and tanks.[7] (Hr'g Tr., Jan. 10, 2018, at 141-43); *Kingdom*

---

[5] Section 1202-A(a.1) provides,

**(a.1) Imposition of tax on electronic cigarettes.--**A tobacco products tax is imposed on the dealer or manufacturer at the time the electronic cigarette is first sold to a retailer in this Commonwealth at the rate of 40% on the purchase price charged to the retailer for the purchase of electronic cigarettes. The tax shall be collected for the retailer by whomever sells the electronic cigarette to the retailer and remitted to the department. Any person required to collect this tax shall separately state the amount of tax on an invoice or other sales document.

72 P.S. § 8202-A(a.1).

[6] Previously, DOR had used a more expansive definition of component parts.

[7] We recounted in *East Coast Vapor II* that the parties have defined replacement coils, regulated mods, and tanks as follows:

**Replacement Coils**: These are made from resistance wire and are used in a tank.

**Regulated Mod**: A power supply for an attached tank or atomizer. The device has a digital display allowing the user to adjust various settings. Without a tank/atomizer this cannot be used as an e-cigarette.

4

*Vapor v. Pa. Dep't of Revenue* (Pa. Cmwlth., No. 697 M.D. 2016, filed Jan. 31, 2018) (Cohn Jubelirer, J., single judge op.), slip op. at 17 (*Kingdom Vapor I*). Previously, DOR conducted an inventory of Petitioner's shops and concluded that Petitioner owes a Floor Tax of $30,691.58 before any penalties are assessed. Petitioner claims it owes a Floor Tax of only $2491. *East Coast Vapor, LLC v. Pa. Dep't of Revenue* (Pa. Cmwlth., Nos. 48 M.D. 2017, 515 M.D. 2017, filed Jan. 31, 2018) (Cohn Jubelirer, J., single judge op.), slip op. at 8 (*East Coast Vapor I*).

As a result of that disparity, Petitioner filed the Petition in this Court's original jurisdiction and then the Application, claiming entitlement to summary relief on its claim for a judgment declaring that "integral" component parts of an e-cigarette are not taxable under the TPTA and that DOR's interpretation of the TPTA is unconstitutional. Petitioner's arguments, as relevant here, are as follows. Noting that a taxing statute must be strictly construed, Petitioner argues that DOR has rewritten the TPTA by taxing separately packaged component parts of an e-cigarette that DOR considers "integral." Petitioner points out that the TPTA does not contain the words "integral" or "components" and argues that the definition of "electronic cigarette" is limited to the "entire electronic cigarette device" and the liquid or substance placed in the e-cigarette, not its individual component parts. (Petitioner's Brief (Br.) at 24.) The General Assembly, Petitioner argues, could have easily defined an e-cigarette to include "integral" component parts if the General Assembly had wanted those items taxed when packaged separately, but it did not do so. Petitioner asserts that DOR has, therefore, rewritten the TPTA, which it may not do.

---

**Tanks**: A part that holds a certain volume of e-liquid and contains a coil/heating element. Used in the PA Medical Marijuana industry and are tax exempt when used for that purpose.

*East Coast Vapor II*, __ A.3d at __, slip op. at 21-22 n.22.

5

While DOR attempts to justify its interpretation on the basis that an e-cigarette could be sold disassembled in order to evade the tax, that issue is for the General Assembly to resolve, Petitioner argues. Moreover, Petitioner argues, DOR's interpretation of the TPTA violates the Uniformity Clause of the Pennsylvania Constitution.[8] Although DOR has acknowledged that it cannot tax items sold by vaping companies without taxing those same items when sold by non-vaping companies, DOR's use of the word "integral" is less than a model of clarity and is arbitrary.

DOR contends that its interpretation of the TPTA's definition of "electronic cigarettes" to include their separately packaged "integral" component parts is correct because otherwise vaping companies would simply disassemble the e-cigarette device, sell its parts separately, and have the purchaser reassemble the e-cigarette in order to evade the tax. The General Assembly, DOR argues, did not intend such an absurd result.

In addition, DOR argues that the Petition should be dismissed because Petitioner has not exhausted its administrative remedies. DOR notes that Petitioner claims that it is aggrieved by the unlawful collection of taxes, which, DOR argues, Petitioner may contest by petitioning the Board pursuant to Section 503(e) of the Fiscal Code, 72 P.S. § 503(e).[9] DOR claims "a cursory review of the Petition" shows that Petitioner has not raised a substantial constitutional challenge, so it may not bypass the administrative review process. (DOR's Br. at 8.) Instead, Petitioner merely alleges unconstitutionality and challenges DOR's interpretation of the

---

[8] The Uniformity Clause of the Pennsylvania Constitution provides: "All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws." Pa. Const. art. VIII, § 1.

[9] Act of April 9, 1929, P.L. 343, *as amended*, 72 P.S. § 503(e). Section 503(e) of the Fiscal Code provides for a right of appeal to this Court by a party "aggrieved by the decision of the Board . . . on a petition for refund." *Id.*

6

TPTA. Petitioner has not shown, DOR argues, it has suffered any harm because Petitioner has paid little in taxes. DOR further argues that "'all that [Petitioner] is complaining about is money[,]'" that is, the amount of tax Petitioner is required to pay based on what items are covered by the TPTA, which, if Petitioner's interpretation of the TPTA is correct, can be refunded to it through the administrative process. (*Id.* at 10 (quoting *Sands Bethworks Gaming, LLC v. Pa. Dep't of Revenue*, 958 A.2d 125, 131 (Pa. Cmwlth. 2008)).)

In response, Petitioner argues that it is not required to exhaust its administrative remedies by going before the Board. Petitioner asserts that this is because it has brought a declaratory judgment action challenging the validity of the TPTA. Where, as here, there is a facial constitutional challenge to a statute, the administrative agency is not competent to rule on the merits and, thus, the agency cannot provide complete and adequate relief. In addition, review before the Board with different entities involved in vaping having to seek a refund would result in piecemeal litigation, which, again, suggests that review before the Board is inadequate. Also, Petitioner argues, the Board would not be able to adjudicate Petitioner's federal claims, which are currently stayed.[10] Further, as in *Bayada Nurses, Inc. v. Department of Labor and Industry*, 8 A.3d 866 (Pa. 2010), and *Arsenal Coal Company v. Department of Environmental Resources*, 477 A.2d 1333 (Pa. 1984), Petitioner here, were it to proceed through administrative review, would

---

[10] On March 13, 2017, DOR removed this proceeding to the United States District Court for the Middle District of Pennsylvania. DOR then moved to dismiss the Petition for failure to state a claim. Petitioner, by motion, asked the federal court to abstain and remand the proceeding to this Court. In a memorandum and order dated July 20, 2017, the District Court granted Petitioner's motion to abstain from ruling on its state claims. *East Coast Vapor, LLC v. Pa. Dep't of Revenue* (M.D. Pa., No. 1:17-CV-0452, filed July 20, 2017), slip op. at 22. The District Court, however, retained jurisdiction over Petitioner's federal constitutional claims and stayed the matter until this Court adjudicates Petitioner's state claims. *Id*. at 22 n.8.

7

have to suffer through ongoing uncertainty and expend substantial sums of money, all while Petitioner's day-to-day business would be adversely impacted, both immediately and directly, because of DOR's evolving interpretation of the TPTA in this new statutory scheme.

## II.    Discussion

Ordinarily, we would deny the Application because Petitioner has not exhausted its administrative remedies.  As DOR correctly contends, Petitioner has not brought a facial constitutional challenge to the TPTA.  Rather, Petitioner's challenges are to DOR's construction of the TPTA and its alleged unconstitutional application of the TPTA to Petitioner.  Such challenges are insufficient to permit a party to bypass the administrative review process.  *Keystone ReLeaf LLC v. Pa. Dep't of Health*, __ A.3d __, __ (Pa. Cmwlth., No. 399 M.D. 2017, filed Apr. 20, 2018), slip op. at 15; *Smolow v. Dep't of Revenue*, 547 A.2d 478, 481 (Pa. Cmwlth. 1988), *aff'd per curiam*, 557 A.2d 1063 (Pa. 1989).  Further, Petitioner has not shown that it meets the *Arsenal Coal* exception to the exhaustion doctrine.  *Bayada*, 8 A.3d at 875; *Arsenal Coal*, 477 A.2d at 1339-40.

However, we have already adjudicated the merits of Petitioner's challenge to DOR's construction of the TPTA in *East Coast Vapor II*.  In *East Coast Vapor II*, the petitioner raised a substantial question as to the constitutionality of the TPTA. *East Coast Vapor II*, __ A.3d at __, slip op. at 11.  We therefore also addressed the issue raised here, holding in *East Coast Vapor II* that the TPTA's definition of "electronic cigarettes" does not include the separately packaged component parts of an e-cigarette that DOR considers "integral" to the e-cigarette device.  *Id.* at __, slip op. at 23-25.  We reasoned that "[a]n electronic oral device" "refers to a singular,

8

integrated device that contains **both** a heating element and a power source, which, working together, provides a vapor." *Id.* at __, slip op. at 24 (emphasis in original). The definition of "[a]n electronic oral device," we noted, "does not include the term 'integral' or 'component parts.'" *Id.* Therefore, we concluded, "'integral' component parts of an e-cigarette do not fit within the definition of 'electronic cigarette.'" *Id.* We were not persuaded by DOR's argument that interpreting the TPTA in this fashion would lead to absurd results. Highlighting "rational reasons" the General Assembly might have had for choosing "to tax only the 'electronic oral device' and not its component parts," we concluded that "a plain language interpretation of the TPTA does not lead to absurd results merely because some vaping companies may attempt to evade the tax." *Id.*

Our en banc decision in *East Coast Vapor II* is binding precedent. *Feudale v. Aqua Pa., Inc.*, 122 A.3d 462, 468 n.8 (Pa. Cmwlth. 2015). It would serve no useful purpose to dismiss the Petition for Petitioner to exhaust its administrative remedies when the issue has been decided. Therefore, we will grant the Application in part and declare "that DOR's interpretation of the TPTA to include as taxable separately packaged component parts of an e-cigarette that DOR

considers 'integral' is unsupported by the plain language of the TPTA." *East Coast Vapor II*, __ A.3d at __, slip op. at 25.[11]

_____

**RENÉE COHN JUBELIRER,** Judge

---

[11] In light of our determination, we need not address the remaining arguments for summary relief on the bases that DOR's interpretation of the TPTA violates the Uniformity Clause of the Pennsylvania Constitution, Pa. Const. art. VIII, § 1, or the separation of powers doctrine. *See Johnson v. Dep't of Transp., Bureau of Driver Licensing*, 805 A.2d 644, 648 n.5 (Pa. Cmwlth. 2002) (stating that "when a case raises both constitutional and non-constitutional issues, the court should not reach the constitutional issues if the case may properly be decided on non-constitutional grounds").

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

East Coast Vapor, LLC,        :
               Petitioner    :
                               :
            v.              :    No. 48 M.D. 2017
                               :
Pennsylvania Department of Revenue,  :
Eileen H. McNulty, Secretary of    :
Revenue in her official and individual :
capacity,                      :
               Respondents  :

## O R D E R

**NOW**, June 22, 2018, the Application of East Coast Vapor, LLC (Petitioner), for Summary Relief on its Petition for Review is **GRANTED** to the extent it requests declaratory relief regarding the interpretation of the Pennsylvania Department of Revenue (DOR) to include as taxable under the Tobacco Products Tax Act (TPTA), Act of March 4, 1971, P.L. 6, added by Section 18 of the Act of July 13, 2016, P.L. 526, 72 P.S. §§ 8201-A–8234-A, the separately packaged component parts of an electronic cigarette (e-cigarette) that DOR considers "integral" to the e-cigarette. The Court hereby **DECLARES** that such "integral" component parts of an e-cigarette are not taxable under the TPTA. Petitioner's Application is otherwise **DENIED**.

                                                             _____
                                                      **RENÉE COHN JUBELIRER,** Judge